**Richard T. DAY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. ST–C–82–168.

United States District Court, D. North Carolina, Statesville Division.

Nov. 1, 1983.

Aimee A. Toth, Statesville, N.C., for plaintiff.

Richard S. Poe, Asst. U.S. Atty., Charlotte, N.C., for defendant.

ORDER

POTTER, District Judge.

The Plaintiff, Richard T. Day, reapplied for disability insurance benefits on November 8, 1979, and his application was denied by the Secretary of Health and Human Services. After a hearing before an Administrative Law Judge and an appeal to the Appeals Council, the Plaintiff brought

this action to review the Secretary's decision that he is not disabled. 42 U.S.C. § 405(g).

This case was heard on September 20, 1983 on the Defendant's Motion for Summary Judgment. The Plaintiff was represented by Aimee A. Toth and the Defendant was represented by Richard S. Poe.

The Secretary found that the Plaintiff did not have any impairments which significantly limited his ability to do basic work activities. Furthermore, despite the impairments of the Plaintiff, he has demonstrated his capacity for successful gainful employment from 1955 to 1977.

The only question before the Court is whether the Secretary's determination that the Plaintiff's impairment did not meet the level of the listed impairments of Appendix 1 is supported by substantial evidence.[1] Substantial evidence is that "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.1972), quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). After applying the above standard to the record the Court is of the opinion that the overwhelming weight of the evidence supports the Secretary's finding that the Plaintiff is not severely impaired.

In 1933 the Plaintiff suffered from polio which caused a partial paralysis in the left arm and leg. In 1950 the Plaintiff was severely burned on the left side of his body. In 1958 the Plaintiff sustained a skull fracture. In 1959 the Plaintiff injured his back. In 1970 the Plaintiff was hospitalized for tuberculosis. In 1976 the Plaintiff was hospitalized for cellulitis. Finally, in 1977, the Plaintiff had hernia surgery.

The Plaintiff filed this claim for disability after the hernia surgery, asserting that the above impairments preventing him from engaging in substantial employment. The Plaintiff's own testimony, however, is to the contrary. The evidence in the record demonstrates that despite any residual effects of the above impairments, the Plaintiff worked for ten years as a foreman of a grounds keeping crew. [Tr. 26]. Prior to his job as foreman, the Plaintiff had various construction and tree pruning jobs. [Tr. 26, 27]. If the "evidence reveals that the (alleged impairment) is one of long standing and that the claimant has worked regularly for many years affected to virtually the same extent as at present" then there is "substantial evidence to support the ultimate determination that the claimant's impairment does not meet the disability standards of the Social Security Act, that is * * * * 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment....'". *Cauthen v. Finch*, 426 F.2d 891, 892 (4th Cir.1970), quoting 42 U.S.C. § 423(d)(1)(A).

There is sufficient evidence in the record to support the Secretary's finding that the Plaintiff's conditions prior to 1960 have not worsened. [Tr. 104–108, 1959 medical report of Dr. Shapiro; Tr. 170–172, 1979 medical report of Dr. Kirkman)[2]. Since 1959, the Plaintiff was hospitalized for tuberculosis in 1970 and for cellulitis in 1976.

---

1. The Plaintiff's attorney implies in her brief, that the Administrative Law Judge erred in conducting the hearing without an attorney. The record shows that the Plaintiff received a notice of hearing which fully informed the Plaintiff of his right to an attorney and of a list of available attorneys. [Tr. 11–13]. Additionally, the Administrative Law Judge reiterated similar information at the hearing and offered to postpone the hearing. [Tr. 17–19]. The Plaintiff, being fully informed of his rights, chose to proceed without an attorney. The Court is therefore of the opinion that the Plaintiff's assertion is without substance and does not merit any further discussion.

2. There is only one medical report in the entire record which could possibly be considered as contrary to the Secretary's findings. Dr. Tawfick, by letter, makes a conclusory comment that the "patient because of his musculoskeletal disturbances is unfit for any meaningful employment." [Tr. 175]. This conclusory statement is not supported by any examination listed in the letter or any other evidence in the record. The weight given to a physician's finding "must

All the medical evidence, however, shows that the Plaintiff is sufficiently healed from these two illnesses so as to render him capable of returning to his previous job. [Tr. 112–119, 126, 163–164]. In fact, the Plaintiff did return to his previous employment after both hospitalizations.

The only impairment the Plaintiff suffered from which he did not suffer from when he was employed in 1977 was a hernia. The medical report of the Plaintiff's treating physician concerning the hernia operation indicates that the hospital course was uneventful and he was discharged with a good prognosis. [Tr. 167]. Again, the record is absent of any evidence indicating the hernia repair in any way rendered the Plaintiff incapable of performing substantial gainful employment. [Tr. 167].

Therefore, based on a review of the entire record, the Court is of the opinion that the Secretary's findings are supported by substantial evidence and the Defendant's motion for summary judgment should be granted.

The Secretary's decision is hereby *AFFIRMED*.

be supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1526. The Court also notes that

Dr. Tawfick's letter reflects the Plaintiff's condition in 1980 and not in 1977 when the Plaintiff had to show the onset of disability.